UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CELLMARK PAPER, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-00101 (VLB) |
| MONTCALM PUBLISHING CORP | : | |
| D/B/A MONTCALM PUBLISHING, INC. | : | |
| | : | |
|     Defendant and | : | |
|     Third-Party Plaintiff, | : | November 16, 2007 |
| v. | : | |
| | : | |
| LOU TULLO, | : | |
| | : | |
|     Third-Party Defendant. | : | |

## MEMORANDUM OF DECISION DENYING THE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [Doc. No. 38]

Cellmark Paper, Inc. ("Cellmark") brings this breach of contract and unjust enrichment action against Montcalm Publishing Corporation ("Montcalm") for its purported failure to pay for paper it admittedly ordered and received. Def. Loc. R. 56 (a)(2) statement, Dkt. No. 34. Montcalm has failed to pay for the paper because Cellmark charged a higher purchase price than Montcalm claims it was quoted. Montcalm's affirmative defenses, counterclaim and third-party complaint allege that Cellmark's president, Joseph Hoffman, and purported agent, Lou Tullo, misrepresented the terms of the paper sale during an October 2004 meeting.

    Cellmark has moved for judgment on the pleadings or, in the alternative, for summary judgment. In support, it argues that Montcalm failed to state a

cognizable defense because its affirmative defenses and counterclaim are not particularly pleaded in that they fail to identify the speaker of the claimed misrepresentations. Montcalm further argues that even though the speaker of the misrepresentations is identified (in Cellmark's third-party complaint) as Lou Tullo, Montcalm has failed to plead facts sufficient to establish an agency relationship between Tullo and Cellmark.

Alternatively, Cellmark seeks summary judgment because: 1) Montcalm's only defense to nonpayment for the paper is that it was promised a fixed purchase price, 2) it was Tullo who misrepresented that fixed price, 3) Tullo had no authority to make these representations and therefore 4) Cellmark is entitled to summary judgment. In support, Cellmark offers the affidavit of its president, Joseph Hoffman, who attests that Lou Tullo was "not an employed by Cellmark, but was an independent sales representative who was not authorized to commit Cellmark to any particular pricing arrangement or pricing terms for the sale of Cellmark paper." Aff. Joseph Hoffman ¶ 4, July 11, 2006. For the following reasons, Cellmark's motion is denied.

## STANDARD OF REVIEW

The standard for granting a Rule 12(c) motion for judgment on the pleadings is "identical to that of a Rule 12(b)(6) motion [to dismiss] for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). In deciding a motion to dismiss, the allegations of the complaint are accepted as true and are construed in a light most favorable to the non-moving party. *Almonte v. City of Long Beach*, 478 F.3d 100, 104 (2d Cir. 2007);

*Debussy LLC v. Deutsche Bank AG*, 2007 U.S. App. LEXIS 14633, 1-2 (2d Cir. 2007).  A motion to dismiss, however, may be converted to a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court."  Fed. R. Civ. P. 12(c).  See also *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."  Fed. R. Civ. P. 56(c).  The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor."  *Huminski v. Corsones*, 396 F.3d 53, 69-70 (2d Cir. 2004).  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied."  *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315 (2d Cir. 2006).

## DISCUSSION

As to the motion for summary judgment, the affidavits demonstrate that there exist disputed issues of material fact.[1]  Montcalm's president Russell

---

[1] **This court is treating Montcalm's motion as one for summary judgment instead of a motion for judgment on the pleadings.  Nevertheless, the court notes that while Cellmark argues that Montcalm's allegations are not particularly pleaded, the affidavits submitted for the parties' summary judgment motion resolve all of the claimed pleading deficiencies.  Based on the affidavits, the speakers of the purported misrepresentations have been identified as Lou Tullo and Cellmark president Joseph Hoffman.  These purported misrepresentations were made in August 2004 by Tullo and again in October 2004 when both Hoffman and Tullo guaranteed a fixed price for the paper.  Aff. Russell Orenstein**

**Orenstein attests that in October 2004 he met with Tullo and Cellmark president Joseph Hoffman. Both Tullo and Hoffman represented that the paper price would be fixed as "no higher than the price that [Cellmark] was charged by the paper mill from which [Cellmark] was to purchase the Paper . . . not counting the customary three percent commisssion and two percent discount afforded to [Cellmark] by the mill . . . ." Aff. Russell Orenstein, ¶ ¶ 6-7. Cellmark disagrees, arguing that it was Lou Tullo, and no one else, that promised Montcalm a fixed purchase price. Further, Montcalm president Joseph Hoffman, attests that "no person from Cellmark, myself included, ever gave any person at Montcalm any indication that Mr. Tullo was employed by Cellmark or had authority to commit Cellmark to any particular pricing arrangement . . . ." Aff. Joseph Hoffman, ¶ 5.**

**These genuine issues of material fact regarding the pricing terms and whether Tullo was Cellmark's agent must be resolved before the court can grant summary judgment in this case. Accordingly, the motion for summary judgment is DENIED.**

---

**¶ ¶ 5-6.**

**Without deciding if the agency relationship needed to be particularly pleaded, Orenstein's affidavit provides facts sufficient to establish an agency relationship between Tullo and Cellmark. Specifically, Orenstein attests that "Hoffman stated that Tullo was [Cellmark's] exclusive agent for doing business with [Montcalm]."**